A. I. C. FINANCIAL CORPORATION, Appellant, v. WALTER E. HELLER & COMPANY, Respondent.*

*No. 67. Submitted June 7, 1973.—Decided June 29, 1973.*
(Also reported in 208 N. W. 2d 446.)

* Motion for rehearing denied, with costs, on August 28, 1973.

For the appellant the cause was submitted on the briefs of *Charne, Glassner, Tehan, Clancy & Taitelman, S. C.,* all of Milwaukee.

For the respondent the cause was submitted on the brief of *Marvin E. Klitsner, Timothy C. Frautschi, John S. Skilton* and *Foley & Lardner,* all of Milwaukee.

PER CURIAM. Prior to July, 1964, defendant had made loans to Auto Acceptance & Loan Corporation which were secured by assignments by schedule of accounts receivable. The evidences of indebtedness of these accounts were not delivered nor endorsed to defendant. Instead, they were left in the hands of Auto Acceptance & Loan Corporation for collection. During and after July, 1964, plaintiff made loans to Auto Acceptance & Loan Corporation. Some of the proceeds of these loans were used to repay portions of the indebtedness of Auto Acceptance & Loan Corporation to the defendant. Defendant reassigned the accounts which had secured these loans to Auto Acceptance & Loan Corporation, without recourse and without warranty. This reassignment was accomplished by schedule, just as the assignments to defendant had been made. Auto Acceptance & Loan Corporation then assigned some of these accounts to the plaintiff as security. The evidence shows that various accounts had been "rehabilitated." Where debtors had been behind in their payments to Auto Acceptance & Loan Corporation new obligations had been substituted for old, to give the appearance that defaults had not occurred. Plaintiff asserts the evidence shows defendant was aware of these manipulations, and failed to warn plaintiff when it took over the accounts receivable financing for Auto Acceptance & Loan Corporation. Plaintiff conducted its own investigation of the accounts prior to the first loans that were made, and made no inquiries of the defendant.

The trial judge held that defendant had no duty of disclosure under either Wisconsin or Illinois law. Plaintiff does not challenge the ruling that there was no duty of disclosure under Wisconsin law. Instead, it argues that Illinois law governs the disposition of this case, because both plaintiff and defendant have offices in Illinois and the contracts in effect between Auto Acceptance & Loan Corporation and defendant specified that Illinois law would control the rights and obligations of the parties. For the purposes of this opinion, we will assume that Illinois law governs the case. We conclude that defendant had no duty of disclosure under Illinois law.

At the time of the transactions in question, Illinois had adopted the Uniform Commercial Code. Smith-Hurd Stats. Annot., ch. 26, secs. 1–101 to 10–104. Sec. 3–417 (2) (e) places the duty of disclosure on the transferor of commercial paper for consideration by providing that the transferor warrants to the transferee that he has no knowledge of any insolvency proceedings instituted with respect to the maker. The official comment to this provision of the code reads as follows:

"10. Subsection (2) (e) is substituted for Section 65 (4). The transferor does not warrant against difficulties of collection, apart from defenses, or against impairment of the credit of the obligor or even his insolvency in the commercial sense. The buyer is expected to determine such questions for himself before he takes the obligation. If insolvency proceedings as defined in this Act (Section 1–201) have been instituted against the party who is expected to pay and the transferor knows it, the concealment of that fact amounts to a fraud upon the buyer, and the warranty against knowledge of such proceedings is provided accordingly."

There is no evidence in the record that insolvency proceedings had been instituted against any of the makers of the commercial paper which had been assigned as security, either at the time that the paper was assigned

by the defendant to Auto Acceptance & Loan Corporation, or at the time it was reassigned to the plaintiff.

We do not hold that defendant was the transferor of the paper, and therefore subject to the provisions of sec. 3–417. However, we do hold that defendant's duty of disclosure was no greater than that of a transferor. Plaintiff has cited no Illinois cases which support a contrary conclusion.

The judgment is affirmed.